**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 2:57 pm, May 10, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number 12-10150 |
| CHRISTOPHER J. GRIFFIN | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| TIPSEY MCSTUMBLES, LLC and | ) | |
| ROBERT A. MULLINS | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number 12-01013 |
| CHRISTOPHER JOHN GRIFFIN | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER

Before the Court is Tipsey McStumbles, LLC's ("Tipsey") and Robert A. Mullins's ("Mullins")(together "Plaintiffs") complaint objecting to the discharge of $4,033.28 by Christopher John Griffin ("Defendant" or "Debtor") pursuant to 11 U.S.C. §523(a)(7). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and the Court has jurisdiction under 28 U.S.C. §1334. For the following reasons, Plaintiffs' complaint is denied and the debt owed to Plaintiffs is dischargeable.

1

## FINDINGS OF FACT

At the hearing, the parties stipulated to the following undisputed findings of fact. Debtor previously operated a pub previously known as "Tipsey McStumbles" and/or "The Griffin" in Aiken, South Carolina. Dckt. No. 23 at ¶2. Tipsey filed a complaint against Debtor in the U.S. District Court for the Southern District of Georgia, Augusta Division on April 14, 2011, styled *Tipsey McStumbles, LLC v. Christopher John Griffin*, Case No. 1:11-CV-00053 alleging copyright infringement under the United States Copyright Act, 17 U.S.C. §§101 et seq., common law trademark infringement, unfair competition, trade dress infringement and computer theft. Id. at ¶3. Tipsey sought a preliminary injunction. The District Court granted Tipsey's Motion for Preliminary Injunction on May 12, 2011 ordering that Debtor remove all signs, and recall all copies of print media, promotions, and advertisements in control of Debtor, bearing the name "Tipsey McStumbles" and the Tipsey mark, and all related products and merchandise and disable its Facebook profile. Id. at ¶4.

On October 5, 2011, Tipsey filed a motion for contempt against Debtor asserting violation of the District Court's May 12, 2011 Order. Id. at ¶5. In an Order dated October 13, 2011, the District Court found Debtor in civil contempt for violations of the

2

Court's May 12, 2011 Order. Id. at ¶6. In its October 13, 2011 Order, the District Court stated that:

> This Order of Contempt will be fashioned as a **civil contempt order as it is designed to induce Defendant's obedience to the orders and decrees of this Court … as a remedial contempt sanction**, counsel for [Tipsey] is invited to file a statement of fees and expenses incurred in enforcing the terms of the Court's May 12, 2011 Order within forty-five (45) days of this Order of Contempt. The Court will consider the petition for fees and determine by separate order the compensatory amount to be paid by Defendant as further sanction for his contempt.

Id. at ¶6.

In a November 29, 2011 Order, the District Court awarded Plaintiffs the amount of $4,033.29 to be paid by Debtor within thirty (30) days. Id. at 7. The District Court granted Debtor an extension of time to tender payment of attorney fees to Plaintiff's counsel until January 31, 2012. Id. at ¶8.

On January 27, 2012, prior to paying the money, Debtor filed his chapter 7 bankruptcy petition. Id. at ¶9. Debtor lists in Schedule F, "Creditors Holding Unsecured Nonpriority Claims" Robert A. Mullins, 1450 Greene Street, Suite 3600, Augusta, Georgia, Attorney Representing Plaintiff in Pending Lawsuit in the claim amount of $4,000.00. Id. at ¶10. Plaintiffs are creditors of Debtor. Id. at ¶1.

Plaintiffs filed this Complaint to Determine Discharge of

3

Debt and an Objection to Discharge objecting to the discharge of this $4,033.29 pursuant to 11 U.S.C. §523(a)(7). A trial was held on April 24, 2013.

## CONCLUSIONS OF LAW

Discharges in bankruptcy afford the honest but unfortunate debtor the opportunity of a fresh start and is a cornerstone of the Bankruptcy Code. See Grogan v. Garner, 498 U.S. 279, 286-87 (1991). Statutorily, the Bankruptcy Code enumerates several "exceptions to discharge in §523(a) which reflect a conclusion on the part of Congress 'that the creditors' interest in recovering full payment of debts in these categories outweigh the debtor's interest in a complete fresh start. Nonetheless, given the strong fresh start policy in the Code, exceptions to discharge are 'strictly construed against an objecting creditor and in favor of the debtor.'" Knapperberger v. Knight (In re Knight), 2011 WL 6934480, *3 (B.A.P. 9th Cir. Nov. 7, 2011) quoting Snoke v. Riso (In re Riso), 978 F.2d 1151, 1154 (9th Cir. 1992); see also U.S. v. Fretz (In re Fretz), 244 F.3d 1323, 1326-27 (11th Cir. 2001). The burden of proof is on the creditor to prove by a preponderance of the evidence that the debt is nondischargeable. In re Fretz, 244 F.3d at 1327.

Plaintiffs argue the District Court's contempt award of $4,033.29 is nondischargeable pursuant to 11 U.S.C. §523(a)(7) which

AO 72A
(Rev. 8/82)

provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (7) to the extent such debt is a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. . . .

11 U.S.C. §523(a)(7). Debtor argues §523(a)(7) is inapplicable as the $4,033.29 is not payable to a "governmental unit." The arguments involve statutory interpretation and there are no allegations that Debtor filed this bankruptcy in bad faith.

It is undisputed that the $4,033.29 is due and payable to a private litigant, not a governmental unit. There is a split in authority regarding the dischargeability of monetary contempt awards in favor of private litigants. Some courts focus on the totality of the circumstances and hold that such awards to private litigants are nondischargeable if they are penal in nature and awarded to uphold the dignity and authority of the awarding court. See In re Allison, 176 B.R. 60, 64 (Bankr. S.D. Fla. 1994) ("it is enough that the fine or penalty, although made payable to a party, be awarded to vindicate the dignity and authority of the court"); In re Winn, 92 B.R. 938, 940 (Bankr. M.D. Fla. 1988)(the fact that a fine is payable to a private litigant "is not necessarily determinative [of

5

dischargeability] if the fine is payable 'for the benefit of a governmental unit' by §523(a)(7)); In re Gedeon, 31 B.R. 942, 946 (Bankr. D. Colo. 1983) (a contempt penalty payable to a private litigant is non-dischargeable pursuant to §523(a)(7) if it is "a penalty imposed to uphold the dignity of the court and for the benefit of the court. . . ."); In re Marini, 28 B.R. 262, 266 (Bankr. E.D.N.Y. 1983)(that a fine for contempt may be payable to a private litigant is not determinative of its dischargeability under §523(a)(7); rather, "[t]he key is whether it [is] punitive or compensatory," with punitive awards being nondischargeable.). These cases focus on the totality of the circumstances to determine whether the contempt award was for the benefit of the governmental unit or whether it was compensatory for actual pecuniary loss. The determinative factor for these courts is the purpose of the award.

Conversely, the other line of cases follow the plain meaning approach to §523(a)(7) focusing on whether the award was "payable to **and** for the benefit of a governmental unit." See 11 U.S.C. §523(a)(7)(emphasis added); Hughes v. Sanders, 469 F.3d 475 (6th Cir. 2006)(finding that §523(a)(7) requires that the "fine, penalty, or forfeiture" be payable to **and** for the benefit of a governmental unit)(emphasis added); In re Rashid, 210 F.3d 201 (3rd Cir. 2000)(finding a federal restitution obligation payable directly

to the victim was not within §523(a)(7) because it was not payable to a governmental unit) superseded by statute on other grounds In re Thompson, 418 F.3d 362, 367 (3rd Cir. 2005); In re McDowell, 415 B.R. 612, 617 (Bankr. S.D. Fla. 2008)("[S]ection 523(a)(7) unambiguously states that the debt must be payable to **and** for the benefit of a governmental unit. . . . The totality of the circumstances approach dispenses with the requirement that the debt be payable to a governmental unit by focusing only on the purpose of the fine, penalty, or forfeiture. However, the statute is not written in the disjunctive.")(emphasis in original); In re Luca, 422 B.R. 772, 778 (Bankr. M.D. Fla. 2010)(same); In re Friedman, 253 B.R. 576 (Bankr. S.D. Fla. 2000)(finding that a sanctions award payable to a private party was not excepted from discharge under §523(a)(7)); In re Bailey, 202 B.R. 317, 319 (Bankr. D.N.M. 1995)(finding that §523(a)(7) requires a rule 11 sanction be payable to a governmental unit to be nondischargeable); In re Wood, 167 B.R. 83, 88 (Bankr. W.D. Tex. 1994)("[T]he fact that one of the purposes for which the sanction was awarded was to uphold the dignity of the legal process in federal court. . . does not allow this Court to dispense with the other stated requirements of §523(a)(7)."); In re Strutz, 154 B.R. 508, 519-11 (Bankr. N.D. Ind. 1993)(finding that a debt must be payable to a governmental unit to be nondischargeable

7

under §523(a)(7)). Under this approach, if the contempt award is payable to a private litigant it does not fall within §523(a)(7), even if it was levied to vindicate the dignity of the court. In re McDowell, 415 B.R. at 616. "Courts adopting this reasoning find that the totality of the circumstances approach is demonstrably at odds with the plain meaning of the statute." Id.

After considering the matter, I agree with the plain meaning approach and find the $4,033.29 contempt award does not fall within the scope of §523(a)(7). Section 523(a)(7) unambiguously states the debt must be "payable to **and** for the benefit of a governmental unit." 11 U.S.C. §523(a)(7). "The plain meaning of legislation should be conclusive, except in the rare cases [where] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989); In re Fretz, 244 F.3d at 1327 ("[W]e are required to interpret straightforward, unambiguous language in the Bankruptcy Code, like that of all other statutes, according to its plain meaning."). In this case, the award was payable to Plaintiffs, private litigants, and therefore does not fall within the scope of §523(a)(7).

As the court in In re McDowell noted, §523(a)(7) sets forth four distinct requirements that must be met for a debt to be

8

nondischargeable under §523(a)(7). "The debt must: (1) be a fine, penalty, or forfeiture; (2) be payable to a governmental unit; (3) be payable for the benefit of a governmental unit; and (4) not be compensation for actual pecuniary loss." In re McDowell, 415 B.R. at 617. "The totality of the circumstances approach dispenses with the requirement that the debt be payable to a governmental unit by focusing only on the purpose of the fine, penalty, or forfeiture. However, the statute is not written in the disjunctive. All four elements must be satisfied for the debt to be nondischargeable under this section." Id.

Plaintiffs argue the District Court's contempt award was awarded to vindicate the dignity and authority of the court. Even if this is true under the totality of the circumstances, the debt is not "payable to a governmental unit"; rather it is payable directly to the Plaintiffs. Therefore, I find the debt does not fall within the scope of §523(a)(7)'s exception to discharge.

Furthermore, this conclusion does not undermine the dignity or authority of the awarding court. This holding addresses the dischargeability of the debt under §523(a)(7), not the legitimacy of the award. Plaintiffs still have a claim in bankruptcy. There may or may not be sufficient funds to satisfy the claim, but the dignity of the court and award remain intact. In

9

addition, other §523(a) grounds may be available in appropriate circumstances to prevent the discharge of such debts. For example, §523(a)(6) prevents the discharge of "any debt for willful and malicious injury to another." 11 U.S.C. §523(a)(6).

For these reasons, I find under plain meaning of the statute, this debt is dischargeable under §523(a)(7). THEREFORE, IT IS HEREBY ORDERED that the Order of Contempt issued against Debtor and resulting award of $4,033.29 made payable to Plaintiffs does not fall within the scope of §523(a)(7)'s exceptions to discharge.

*/s/ Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 10th day of May 2013.

AO 72A
(Rev. 8/82)